Lanzinger, J.,
dissenting.
{¶ 25} The majority opinion holds that the mere reference to a theft offense within R.C. 2911.02(A)(3) supplies a culpable mental state to the third-degree-felony offense of robbery, so that the state need not prove that a defendant recklessly used or threatened the immediate use of force against another. For the following reasons, I respectfully dissent and would affirm the judgment of the court of appeals.
{¶ 26} The third-degree-felony offense of robbery under R.C. 2911.02(A)(3) requires the use of force or the threat of the use of force, but the statute does not explicitly require proof of any culpable mental state. The statute provides:
(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
* * *
(3) Use or threaten the immediate use of force against another.
*427 The definition of this offense does not specify that the offender must have acted purposely, knowingly, recklessly, or negligently.
{¶ 27} We have clarified that the General Assembly has intended that R.C. 2901.21(B) provides a default rule of recklessness when a mens rea is missing from the definition of the offense and strict liability has not been clearly indicated. State v. Johnson, 128 Ohio St.3d 107, 2010-Ohio-6301, 942 N.E.2d 347, ¶ 34. But in Johnson, we examined the offense of having weapons when the defendant is under indictment or has been previously convicted of a felony drug offense.[1] Because that offense was defined by specifying the mens rea of “knowingly” with respect to the possession of a weapon, we held that R.C. 2901.21(B) did not apply. Id. at ¶ 42.
{¶ 28} Johnson did not contemplate the incorporation by reference of elements from another statute. On its face, the third-degree-felony offense of robbery defined in R.C. 2911.02(A)(3) does not contain any mens rea. R.C. 2901.21(B) states:
When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense.
{¶ 29} In answering the initial question whether the “the section defining an offense” specifies any culpability, the majority determines in Kevin Tolliver’s case that a reference to a “theft offense” in R.C. 2911.02(A)(3) incorporates the elements of theft set forth in R.C. 2913.02(A)(1). It then concludes that because theft includes the mental states of “purpose” and “knowingly,” the reference supplies a mens rea to R.C. 2911.02(A)(3) so that no analysis under R.C. 2901.21(B) is warranted. But “theft offense” is defined by statute to have the same meaning as in R.C. 2913.01,[2] that is, a variety of meanings. R.C. *428 2911.02(C). Not all “theft offenses” contain a culpable mental state. See R.C. 2911.12(B), 2913.43, and 2921.41.
Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Andrew T. French, Assistant Prosecuting Attorney, for appellant.
Murr, Compton, Claypoole & Macbeth and Charles M. Blue, for appellee.
{¶ 30} The majority broadly declares that “Division (A) [of R.C. 2911.02] expressly predicates every robbery on the elements of a completed or attempted Theft offense/ including all culpable mental states.” (Emphasis added.) Majority opinion at ¶ 8. But R.C. 2911.02(A)(3), the offense we are discussing, says nothing about culpability.
{¶ 31} I cannot agree with the majority’s use of a predicate offense to supply a mens rea when the section defining the offense itself does not specify a mens rea. The use of force or the threat of the immediate use of force on another distinguishes third-degree-felony robbery from other theft offenses. Without the use of force, Tolliver could not have been convicted of robbery. In my opinion, we should look only at the language in the section that defines the offense. Because R.C. 2911.02(A)(3) does not expressly specify any degree of culpability, we must then decide whether the General Assembly indicated a purpose to impose strict liability for this offense involving the use or threat of the use of force. The mere lack of a mental state is not sufficient to show strict liability. The General Assembly must plainly indicate that intention in the statute. R.C. 2901.21(B). Because there are no words to that effect in the offense of third-degree-felony robbery, I would use the default mens rea of recklessness and apply it to the use or the threat of the immediate use of force against another, rather than assume that the offense is one of strict liability. I would therefore affirm the court of appeals.
Pfeifer and O’Neill, JJ., concur in the foregoing opinion.
*429 Timothy Young, Ohio Public Defender, and Kenneth R. Spiert, Assistant Public Defender, urging dismissal of the appeal as improvidently accepted, or, in the alternative, affirmance for amicus curiae Office of the Ohio Public Defender.

. That offense states that “no person shall knowingly acquire, have, carry or use any firearm or dangerous ordinance, if * * * [t]he person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.” R.C. 2923.13(A)(3).

. R.C. 2913.0KK) states:
“Theft offense” means any of the following:
(1) A violation of section 2911.01, 2911.02, 2911.11, 2911.12, 2911.13, 2911.31, 2911.32, 2913.02, 2913.03, 2913.04, 2913.041, 2913.05, 2913.06, 2913.11, 2913.21, 2913.31, 2913.32, 2913.33, 2913.34, *428 2913.40, 2913.42, 2913.43, 2913.44, 2913.45, 2913.47, 2913.48, former section 2913.47 or 2913.48, or section 2913.51, 2915.05, or 2921.41 of the Revised Code;
(2) A violation of an existing or former municipal ordinance or law of this or any other state, or of the United States, substantially equivalent to any section listed in division (K)(l) of this section or a violation of section 2913.41, 2913.81, or 2915.06 of the Revised Code as it existed prior to July 1,1996;
(3) An offense under an existing or former municipal ordinance or law of this or any other state, or of the United States, involving robbery, burglary, breaking and entering, theft, embezzlement, wrongful conversion, forgery, counterfeiting, deceit, or fraud;
(4) A conspiracy or attempt to commit, or complicity in committing, any offense under division (K)(l), (2), or (3) of this section.